IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MISTER MITCHELL,<br><br>                *Plaintiff*,<br><br>    v.<br><br>ALLEGHENY COUNTY JAIL,<br><br>                *Defendant*. | Civil Action No. 2:23-cv-1710<br><br>Hon. William S. Stickman IV<br>Hon. Cynthia Reed Eddy |

## **ORDER OF COURT**

Plaintiff Mister Mitchell ("Plaintiff") filed this lawsuit complaining about his incarceration at the Allegheny County Jail in Pittsburgh, Pennsylvania. He was granted leave to proceed *in forma pauperis* on October 13, 2023. (ECF No. 4). Pursuant to 28 U.S.C. § 1915, Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation on October 13, 2023, construing Plaintiff's claims as (1) an Eighth or Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 for being denied meals; (2) a First Amendment claim pursuant to 42 U.S.C. § 1983 for destruction of his mail on one occasion; and (3) a 42 U.S.C. § 1983 claim for verbal harassment. (ECF No. 5, p. 2). She first recommended that the claims against Allegheny County Jail be dismissed with prejudice as a jail is not a person subject to suit under 42 U.S.C. § 1983, and that amendment be denied as futile. (*Id*. at 4). Next, Magistrate Judge Eddy, after noting that the deprivation of a single meal does not rise to the level of an Eighth Amendment violation and that Plaintiff's complaint fails to specify whether he was deprived of food on more than one occasion, recommended that Plaintiff's meal deprivation claim be "dismissed without prejudice to allow him to amend his complaint to add sufficient factual specificity of his claims

1

and name the proper defendants who engaged in the alleged food deprivation." (*Id*. at 5). As to Plaintiff's claim that an unspecified corrections officer destroyed an unspecified piece of mail on one day, Magistrate Judge Eddy recommended that the claim be dismissed with prejudice as a single instance of damaged or withheld mail does not constitute a First Amendment violation, and that amendment be denied as futile. (*Id*.). Lastly, Magistrate Judge Eddy recommended that Plaintiff's verbal harassment claim (that unnamed correctional officers called him unspecified foul names) be dismissed with prejudice as no constitutional violation was pled, and that amendment be denied as futile. (*Id*. at 6).

Plaintiff was given until November 3, 2023, to file objections to the Report and Recommendation. (ECF No. 5). No objections having been filed, the Court hereby ADOPTS Magistrate Judge Eddy's Report and Recommendation as its Opinion. It agrees with Magistrate Judge Eddy's thorough analysis and legal conclusions.

AND NOW, this 16th day of November 2023, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED. IT IS ORDERED that (1) all claims against Allegheny County Jail are DISMISSED WITH PREJUDICE; and (2) the claims for destroyed mail and verbal harassment are DISMISSED WITH PREJUDICE. The Court holds that amendment of these claims would be futile. See 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2021) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). IT IS FURTHER ORDERED that within forty-five days, Plaintiff is permitted to amend his complaint to add the proper defendants

and adequately support his Eighth or Fourteenth Amendment claim for withheld meals with enough factual specificity. Plaintiff's amended complaint due by **January 2, 2024**.

            BY THE COURT:

            s/ William S. Stickman IV
            WILLIAM S. STICKMAN IV
            UNITED STATES DISTRICT JUDGE